## (January 17, 1969)

■ In the Matter of NORMAN D. CARTER et al., Constituting the Board of Education of Union Free School District No. 2 (Spackenkill) of the Town of Poughkeepsie, et al., Respondents, v. JAMES E. ALLEN, JR., as Commissioner

of Education, et al., Appellants.— *Per Curiam*.   Appeal from a judgment of the Supreme Court at Special Term, entered June 6, 1968, in Albany County which invalidated an order of the Commissioner of Education and directed that a certain regulation of the Commissioner should not bar registration of a high school in petitioners' school district.   The controversy herein arises out of an application made on April 25, 1967 by the Union Free School District No. 2 of the Town of Poughkeepsie, also known as the Spackenkill School District, to the Commissioner of Education for building aid apportionment for a proposed new high school building.   Subsequent to the submission of the application, the Commissioner promulgated Reaffirmation Order No. 18, dated August 30, 1967, which reaffirmed the State Plan of School District Reorganization insofar as it provided for the consolidation of the Spackenkill District with the City School District of the City of Poughkeepsie. Thereafter, in response to an inquiry by the attorney for the Spackenkill District as to whether the Reaffirmation Order constituted a denial of the District's application, the Director of the Division of Law of the State Education Department, in a letter dated October 5, 1967, cited the Commissioner's regulation 100.2 (h) (8 NYCRR 100.2 [h]) which provides in substance that no new public high school shall be recommended for registration by the Commissioner subsequent to December 1, 1961, if in his judgment, the establishment of such school would conflict with an approved plan for district reorganization. He advised that the proposed establishment of the high school would conflict with the State Plan as reaffirmed and the lettter further stated that " it would appear that the Reaffirmation of the State Plan, in fact, and in intent, constitutes denial of the application of your school district for the building and necessary registration of a high school."   On January 12, 1968, the petitioners as constituting the Board of Education of the Spackenkill School District and as taxpayers and voters of said district, instituted the present proceeding under article 78 of the CPLR seeking an order annulling regulation 100.2 (h) and directing the Commissioner to entertain an application for the registration of a high school.   Thereafter, in a separate proceeding, the Spackenkill District has petitioned the Commissioner for a formal public hearing, pursuant to section 314 (subd. 3, par. [a]) of the Education Law, to consider a proposed change in the State Plan of reorganization and hearings on its application have been held.   However, upon a motion made by the Department of Education, the hearing officer has ordered that any further proceedings under section 314 be stayed pending this appeal.   Special Term adjudged the following: 1. " that the petition herein, insofar as petitioners seek state aid for a new high school building * * * be * * * dismissed; " 2. " that the Reaffirmation Order No. 18 heretofore made by respondent * * * is invalid; " 3. " that § 100, subd. 2, par. h of the Regulations of the respondent Commissioner of Education be not deemed a bar to the registration of a high school for the petitioner school district; " and 4. " that this judgment not interfere with further proceedings pursuant to § 314 of the Education Law."   The determination of the lower court that Reaffirmation Order No. 18 is invalid is erroneous.   The Reaffirmation Order will be reviewed in the pending section 314 proceeding, and, therefore, we are precluded from considering the order until a final determination is rendered in that proceeding (CPLR 7801).   However, it does not appear that the appellants have shown any error as to Special Term's declaration " that § 100, subd. 2, par. h of the Regulations of the respondent Commissioner of Education be not deemed a bar to the registration of a high school ".   The Education Law does not appear to give the Commissioner any power in regard to the registration of public high schools and upon inquiry, counsel for appellants referred to

section 210 of the Education Law. This statute provides in part as follows: "The *regents* may register domestic and foreign institutions in terms of New York standards". (Emphasis added.) It appears that by section 13.1 of its regulations (8 NYCRR 13.1) the Regents have directed the Commissioner to establish regulations governing "(a) the registration of courses of study in colleges, professional, technical and other schools". Whether or not this has something to do with the "registering" of a public high school is somewhat debatable but it seems to be the source of the Commissioner's regulations as to a required curriculum in high schools and the organization and administration thereof, of which the said 100.2 is a part. Although the Commissioner and the Regents may regulate the curriculum of high schools, and prescribe plans and specifications for the building of new schools (8 NYCRR 14.1) no statutory authority permits the Commissioner or the Regents to prevent the construction of a school by insisting upon its "registration". Regulation 100.2 (h) certainly cannot be interpreted to preclude the construction and operation of a school on the ground that it interfered with an approved plan for district reorganization. The Commissioner could not block the construction of the proposed Spackenkill high school by refusing to recommend it for registration. The Regents have provided that "Secondary schools and academic departments of school districts in the State of New York may upon proper application and after official inspection be admitted to the University by a vote of the Regents." (8 NYCRR 3.30). For present purposes we assume that such a school would be admitted *unless* it violated some reasonable requirement for such admittance. Judgment modified, on the law and the facts, so as to delete so much of the judgment as determined that Reaffirmation Order No. 18 is invalid and, as so modified, affirmed, with one bill of costs to petitioners-respondents. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum *Per Curiam.*